IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALERIE D. TERRANOVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-775-M |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Valerie Terranova seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should affirm the SSA's decision.[1]

I.      BACKGROUND

Ms. Terranova applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 61-63 (certified Oct. 29, 2005) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id.* at pp. 32-34, 37-38. A hearing took place,[2] and an administrative law judge found that Ms. Terranova was

---

[1]      The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order of Referral to United States Magistrate Judge (July 12, 2005).

[2]      *See* Rec. at pp. 300-341.

not disabled in light of her ability to perform her past relevant work.[3]  The Appeals Council

declined jurisdiction,[4] and the present action followed.  Ms. Terranova alleges:

- failure to consider whether her impairments equaled a listing based on the existence of fibromyalgia or polyarthralgia

- error in the evaluation of subjective allegations of pain and credibility

- failure to consider pain limitations in connection with the residual functional capacity ("RFC").

Opening Brief of the Plaintiff at pp. 9-14 (Jan. 30, 1996) ("Plaintiff's Brief").

II.     STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is

based on substantial evidence and the correct legal standard.  *See Emory v. Sullivan*, 936 F.2d

1092, 1093 (10th Cir. 1991).  Evidence is substantial if it is greater than a scintilla and less

than a preponderance.  *See Sisco v. United States Department of Health & Human Services*,

10 F.3d 739, 741 (10th Cir. 1993).  The Court must review the entire record to determine

whether the evidence supporting the SSA's decision is substantial in light of any

contradicting evidence.  *See Nieto v. Heckler*, 750 F.2d 59, 61 (10th Cir. 1984).  If the SSA's

decision lacks substantial evidence or is based on an incorrect legal standard, reversal is

necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  However, a court

---

[3]     Rec. at pp. 26-27.

[4]     Rec. at pp. 5-7.

may not reweigh the evidence or substitute its judgment for that of the SSA.  *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

III.    THE LISTINGS

The SSA must decide whether the claimant has an impairment that met or equaled a "listing."  *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).[5]  According to Ms. Terranova, the administrative law judge failed to consider whether the impairments combined to result in fibromyalgia or polyarthralgia.  Plaintiff's Brief at p. 9.  Then, the judge allegedly failed to determine whether the condition equaled a listing.  *Id.*  These claims are inconsistent with the record.

First, the judge noted that Ms. Terranova had suffered from "severe" "fibromyalgia and/or polyarthralgia."  Rec. at pp. 21, 26.

Second, the administrative law judge considered all of the Plaintiff's impairments in connection with multiple listings.[6]  For example, the administrative law judge considered Listings 1.04 (disorders of the spine), 5.05 (chronic liver disease), 12.04 (affective disorders),

---

[5]    A "listing" represents a regulatory presumption that the claimant was disabled.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525(a), 416.920(d), 416.925(a) (2001).  To match a listing, the claimant must show that the alleged impairment had satisfied all of the specified medical criteria. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

[6]    "A person with a condition of fibromyalgia certainly could have serious enough pain to have a disability under the Social Security Act, but the condition does not automatically qualify as a listing level impairment." *Bartyzel v. Commissioner of Social Security*, 74 Fed. Appx. 515, 527 (6th Cir. Aug. 26, 2003) (unpublished op.).

14.09 (inflammatory arthritis), and the listings for "musculoskeletal, digestive system, genito-urinary, auto-immune disease, and mental impairments generally." *Id.* at p. 23.  The judge reviewed the relevant listings and found that Ms. Terranova had no "impairment, or combination of impairments, listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4 . . . ." *Id.* at pp. 23-24.

The judge analyzed numerous listings and Ms. Terranova does not specify any that had been ignored.  As a result, the Court should reject the Plaintiff's challenge to the findings on the listings.

## IV.   PAIN AND CREDIBILITY

According to the Plaintiff, the administrative law judge also failed to adequately consider the subjective allegations of pain and erroneously considered the issue of credibility. Plaintiff's Brief at pp. 10-13.  The Plaintiff believes that these errors contributed to an erroneous assessment of her RFC.  *Id.* at pp. 13-14.  The Court should reject these allegations.

### A.   Credibility and Subjective Allegations of Pain

The judge had to consider the objective and subjective evidence and decide whether she believed Ms. Terranova's characterization of the pain.  *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).  In assessing the Plaintiff's pain, the administrative law judge had to consider such factors as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical

contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the [administrative law judge], the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991).   Ultimately, credibility determinations lie within the province of the administrative law judge, which are not to be disturbed unless they lack supporting evidence.  *See White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001).

According to the Plaintiff, the judge failed to discuss "the objective findings or clinical treatment for conditions known to cause pain."  Plaintiff's Brief at pp. 10-11.  This characterization is inaccurate.  The administrative law judge summarized the Plaintiff's medical history, testimony concerning pain, daily activities, and use of pain relieving medications.  Rec. at pp. 21-25.  Ultimately, the administrative law judge "[did] not find the claimant's reports of her significant limitations to be credible."  *Id.* at p. 24.[7]  The judge adequately explained and supported this finding.

In assessing credibility, the judge pointed to:

• conflicting medical records

_____

[7]     Ms. Terranova argues that the administrative law judge had a threshold duty to consider whether there were severe impairments reasonably expected to cause pain.  Plaintiff's Brief at p. 11.  But the Plaintiff acknowledges that "the [administrative law judge] found that the claimant ha[d] severe impairments that [were] likely to cause pain."  *Id.*  Indeed, the judge did not reject the Plaintiff's allegations based on the absence of severe impairments likely to cause pain.  *See* Rec. at p. 24 ("Since the claimant has severe impairments, the Administrative Law Judge assesses the claimant's subjective allegations of pain and/or other symptoms.").

- suggestions for additional exercise

- failure to report the alleged symptoms to a physician

- the Plaintiff's description of symptoms for a diagnosis rejected by physicians

- the Plaintiff's description of her daily activities.

*Id.* at pp. 23-24.

The judge's explanation was supported by the record through the:

- rejection of diagnoses involving rheumatoid arthritis

- rejection of Ms. Terranova's assertion that she needed a wheelchair

- inability of a treating doctor to "appreciate" Ms. Terranova's reported problems with manipulation.

For example, some physicians noted rheumatoid arthritis in the records.  Rec. at pp. 111, 192, 213.  Ms. Terranova showed a rheumatologist her hands and said they were "twisting and turning."  *Id.* at p. 133.  But the doctor remarked that he could "not appreciate" this complaint.  *Id.*  After further examination and review of laboratory data, the physician rejected the diagnosis of rheumatoid arthritis.  *Id.*

The rheumatologist noted that Ms. Terranova did not agree with his opinion that her main problem was not arthritis.  *Id.* at p. 131.  The physician recommended "mild analgesics" and "exercise," declining to recommend further evaluation or to schedule a follow-up.  *Id.*

Despite being told that she did not have rheumatoid arthritis, Ms. Terranova applied for benefits based in part on this disease. *Id.* at p. 72; *see also id.* at p. 323 (Ms. Terranova's testimony that she had always thought she had rheumatoid arthritis).

The Plaintiff also insisted that she needed a wheelchair to function. *Id.* at p. 331; *see also id.* at p. 101 (Ms. Terranova's request for administrative reconsideration in part because she could "hardly walk without assistance"). But the administrative law judge reasonably interpreted the medical record to conflict with the Plaintiff's characterization of her walking difficulties.

In June 2002, Dr. Jimmie Appel recommended that the Plaintiff use a motorized wheelchair due to "rheumatologic disease" and "severe weakness of the upper extremities." *Id.* at pp. 125-26. But the administrative law judge rejected this opinion, stating: "Contemporaneous treatment notes do not show the degree of documentation of findings, which would be expected for an individual of the claimant's age to need such significant assistance." *Id.* at p. 25.

The record supports this conclusion. Within a month of Dr. Appel's wheelchair prescription, the Plaintiff was examined by Dr. Juan Maldonado. He noted that Ms. Terranova was "walking with no visible difficulty" and had "no [musculoskeletal] weakness." *Id.* at p. 111. The Plaintiff showed signs of back pain, but had no swelling, increased heat or redness in any joints. *Id.* While "minimal" deformities existed in the hand joints, the "[r]ange of motion in all the joints were normal." *Id.* Dr. Chris Codding also

conducted an examination and stated:  "[Patient] has been using electric wheelchair.  I do not know why needs [wheelchair]."  *Id.* at p. 160.

The judge also reasoned that Ms. Terranova had "reported symptoms at the hearing and to the consultative examiners not noted to any of her doctors."  *Id.* at p. 24.  This reasoning was also supported by the record.  For example, she testified that she had memory problems and could not lift things, hold books up, or write for lengthy periods.  *Id.* at pp. 329-30, 333.  The record does not reflect complaints of these symptoms to the Plaintiff's treating doctors.

The administrative law judge weighed the evidence and made a credibility determination.  In doing so, the judge discussed the medical evidence and explained her thought-processes sufficiently for meaningful review.  The explanation was reasonable based on the record as a whole, and the Court should not disturb the findings regarding Ms. Terranova's credibility and the intensity of her pain.

B.      RFC Analysis

According to the Plaintiff, the administrative law judge:

- failed to consider limitations associated with pain when assessing Ms. Terranova's RFC

- relied on a narrow and outdated consultative assessment.

Plaintiff's Brief at pp. 13-14.[8]  The Court should reject these allegations.

_____

[8]      The Plaintiff asserts a different argument in her reply brief.  Reply Brief of the Plaintiff at p. 6 (Apr. 10, 2006).  The new argument was waived through omission in the Plaintiff's opening brief.  *See Headrick v. Rockwell International Corp.*, 24 F.3d 1272, 1277-78 (10th Cir. 1994)

The administrative law judge discounted the severity of the pain based on credibility concerns. Rec. at pp. 24-25. The Court should not disturb the credibility finding,[9] and the administrative law judge did not err in assessing the RFC based on her appraisal of Ms. Terranova's subjective allegations.[10]

Ms. Terranova also alleges that in making an RFC finding, the judge adopted a consultative assessment that was outdated and limited to an evaluation of rheumatoid arthritis. The Plaintiff claims the presence of other evidence involving exertional limitations and insists that an updated examination might have produced different results. Plaintiff's Brief at pp. 13-14. For two reasons, this allegation overstates the weight given to the consultative assessment.

First, the judge stated that she had considered all of the medical evidence,[11] and her opinion supports that assertion.[12] Even now, Ms. Terranova does not identify any evidence ignored by the administrative law judge.

_____

(White, J.) (discussing the general rule forbidding new arguments in a reply); *see also Nichols v. Commissioner of Social Security Administration*, 260 F. Supp. 2d 1057, 1077 (D. Kan. 2003) (the district court refused to consider an argument asserted by a social security plaintiff for the first time in a reply brief).

[9]      *See supra* pp. 4-8.

[10]     *See Norris v. Barnhart*, 152 Fed. Appx. 698, 704 (10th Cir. Sept. 28, 2005) (unpublished op.) (in light of the validity of the credibility findings, the RFC findings were upheld even though the pain complaints had been discounted by the administrative law judge).

[11]     Rec. at p. 20.

[12]     *See* Rec. at pp. 21-26.

Second, the judge compared the recent evidence to the consultative assessment and found the report "to be accurate generally."  Rec. at p. 25.  But based on the evidence, the administrative law judge assessed even greater limitations than those suggested in the consultative assessment.  *Compare id.* at p. 25 (the administrative law judge's imposition of postural and fingering limitations), *with id.* at p. 119 (the consultative doctor's suggestion of no postural limitations), *and id.* at p. 127 (another consultative doctor's allowance for "frequent" "[f]ingering").  As a result, the Court should reject the Plaintiff's challenge to the RFC findings based on a narrow and outdated consultative assessment.

V.      RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should affirm the SSA's decision.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.  *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is May 23, 2006.  *See* W.D. Okla. LCvR 72.1(a).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.     STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of April, 2006.


Robert E. Bacharach
United States Magistrate Judge